Summers, J.
delivered the opinion of the court. This ease conics before us on an application for a writ of error to a judgment of the circuit court, on a verdict convicting the prisoner of horsestealing.
When the prisoner was brought up to receive judgment, his counsel moved the court to set aside the verdict and award him a new trial, on the ground that the evidence did not warrant the conviction, but shewed a *756 breach of trust only. This motion being overruled, an exception was taken, and. in the bill of exceptions the evidence is set out upon which the present application must be decided. It is deemed unnecessary to recapitulate that evidence, because it is peculiarly the province of the jury to determine the intent with which any act is done; and here the testimony fully warranted the conclusion that the prisoner obtained the use of the horse fraudulently, and with intent to steal him.
The ground urged by the prisoner’s counsel is, that the possession of the horse having been acquired by the consent of the owner, no subsequent disposition of the animal could amount to felony. The authorities to which he refers, we think, do not sustain him in the exclusion of the exceptions found in the modern cases. Larceny is defined in the early authors to be “ the wrongful taking of goods with intent to spoil the owner of them, causa lucri.” But it is said that if the party is not guilty of a trespass in taking the goods, he cannot be guilty of a felony in carrying them away; and that in this case the consent of the owner excludes this essential feature of larceny. This, however, is a mistaken view of the subject. The temporary use of personal property for a special purpose does not change the possession, as shewn by Littleton, who says, § 71. “If I lend to one my sheep to dung his land, or my oxen to plough the land, and he kills my cattle, I may have trespass notwithstanding the lending.” The possession therefore was not changed by the permission to ride the horse a mile or two and return him, nor did the prisoner thereby acquire a special property, or any legal possession. The riding of the horse and selling him, under the circumstances shewn by the evidence, was therefore the same invasion of the owner’s possession, as if the license fraudulentfy obtained had not been given; and the fraud' was equivalent to force, actual or constructive.
*757 We think the law well settled, that where a person obtains the goods of another by lawful delivery, without fraud, although he afterwards converts them to his own use, he is not guilty of felony; but if such delivery be obtained by any fraud or falsehood, and with an intent to steal, though under pretence of hiring, borrowing, or even purchase, where no credit is intended to be given, the delivery in fact by the owner will not pass the legal possession, so as to save the party from the guilt of larceny. Adopting these conclusions, the judges are unanimous in overruling the application for a writ of error.
Writ of error refused.